BOURS (DESSAU v.). See Case No. 3,825.

## Case No. 1,702.

### In re BOUSFIELD et al.

[16 N. B. R. 481.][1]

District Court, N. D. Ohio. Nov. 9, 1877.

BANKRUPTCY—SALE TO CREDITOR—INADEQUACY OF PRICE.

A sale of stock to a creditor who holds it as collateral security for ten dollars per share when it is worth twenty-five dollars per share, will be set aside for inadequacy of price, and a resale ordered.

[On certificate of register in bankruptcy.]

Application to set aside a sale of stock. [Granted.]

### Opinion of Register:

Diodate Clark, Caroline Kellogg, and Kitty Clark, are creditors of Bousfield & Poole, as follows:—

Diodate Clark ................... $10,283 50
Caroline Kellogg ................ 5,141 00
Kitty Clark ..................... 2,673 32

As collateral security for the payment of these claims Diodate Clark, for himself and the others, held one hundred and nineteen shares of stock in the Ohio Wooden Ware Company pledged by the bankrupts. The assignee and the creditors were unable to agree as to what was the value of the stock as provided in section 5075 of the bankrupt act.

On July 20, 1876, the assignee and these three creditors filed with me a petition in which they state they cannot agree as to the value of the stock; that they believe a public sale would be the best way to determine its value, and ask me to make an order authorizing Diodate Clark, or any agent of his, to sell the stock at private auction to the highest bidder. In compliance with this request, on July 21, 1876, I made the following order: "That said Diodate Clark and any authorized agent of his be, and are hereby authorized and empowered to sell said one hundred and nineteen shares of Ohio Wooden Ware Company's stock, at public auction, to the highest and best bidder, on his having published notice of the time and place of such sale for at least ten days prior to the day of sale in the Cleveland Daily Herald, and that a report of such sale be made to me in writing,

[1] [Reprinted by permission.]

duly sworn to forthwith, after such sale, specifying the amount for which the same sold, and to whom sold." See 5 Law Rep. 303 [In re Grant, Case No. 5,690], for Judge Story's opinion, indorsing the mode of determining the value.

On August 5, 1876, George W. Calkins filed with me his affidavit that, as agent of Diodate Clark, he had caused the stock to be advertised and sold in pursuance of said order, and that the same was sold on August 5, 1876, to Diodate Clark, at and for ten dollars per share, making one thousand one hundred and ninety dollars, and also filed with his affidavit a copy of the notice of sale, with the affidavit of J. H. Faxon, bookkeeper for the Cleveland Herald, that said notice was published in the Cleveland Herald for ten days prior to the date of sale.

To this sale, on October 4, 1876, Frank W. Parsons, representing J. B. Hervey, a creditor of said bankrupts' estate, filed objections which are embodied in a statement duly sworn to by him, and are in substance as follows: That the sale of the stock was advertised to be held at the office of the Ohio Wooden Ware Company on August 5, 1876, between the hours of nine and ten a. m. He attended at the place named to bid on the stock, and was ready and willing to bid and pay for said stock the sum of twenty-nine dollars per share, but was informed the same had been sold for ten dollars per share. That about two or three weeks before said sale he had stated to G. W. Calkins that he would make him a standing offer for the stock of thirty-nine dollars per share, as it then stood, but that afterwards and before the sale a dividend had been declared reducing its value to twenty-nine dollars per share. The matter remained in this condition with the expectation on my part, for some time, that it would be adjusted, and then was overlooked until October 31, 1877, when I entered an order for a hearing on November 2, 1877, and served notices thereof on all parties.

November 2, 1877, the parties all appeared, and I proceeded to take the testimony of the following-named witnesses, in regard to the matter, viz.: Frank W. Parsons, J. M. Gorham, William C. Stahle, J. B. Hervey, George W. Calkins, Thomas F. Croty, and Wm. Waterman, which testimony was all reduced to writing, and is herewith returned. In my judgment the testimony taken establishes fully the following: 1st. That the sale of the stock was made at twenty minutes before ten o'clock a. m. on the 5th day of August, 1876. 2d. That it was conducted in the usual and ordinary way, in full compliance with the requirements of the order, and that every person connected with the sale acted honestly and in good faith. 3d. That the stock sold for ten dollars per share, where in fact its real value was twenty-five dollars per share. So that in my judgment there is no reason to set aside the sale and

order a new one, unless the inadequacy in price at which it sold, as compared with its real value, is a good reason to do so.

The rule in England, as I understand it, is that a sale will not be set aside upon the ground of gross inadequacy of price, unless an agreement with bond is given to pay more. I am cited to a case in 4 W. Va. 600 (Sinnett v. Cralle's Adm'r), in which it was held as follows: "A sale of 1,700 acres of land for less than $5,000, will be set aside for inadequacy of price, upon affidavits of ten persons that the actual value was twice or thrice that sum." But I do not understand this to be the rule in this country, nor do I think the weight of authority supports this rule. I understand the rule to be as laid down in 62 Barb. 280 (Kellogg v. Howell), viz.: "A sale under a judgment will not be set aside in the absence of fraud, surprise, or well-grounded misapprehension, simply because a higher price can be reasonably anticipated on a resale of the premises." But I am inclined to think that this general rule does not prevail in a bankruptcy proceeding, where the court by its officers hold the estate for the benefit of all the creditors, and is required to look to the protection of the interests of all with great care. By repeated rulings, both under the bankrupt law of 1841 [5 Stat. 447], as well as the bankrupt law of 1867 [14 Stat. 524], this principle has been recognized, and to such an extent it would seem that a greater responsibility is thrown upon a bankruptcy court in that respect than upon an ordinary court of chancery.

In Bump, Fraud. Conv. (9th Ed.) p. 168, the author states as follows: "The court on application of any party in interest has complete supervisory power over such sales" (sales by assignees and officers of court), "including the power to set aside the same and order a resale, so that the property sold may realize the largest sum." Judge Dillon, in Re O'Fallon [Case No. 10,445], held as follows: "Where a public sale of the real estate is made by the assignee in bankruptcy, under the order of the bankruptcy court, and the property is struck off to the highest bidder, such sale is subject to the approval of the court, which has a discretion to refuse to confirm it for a mere inadequacy of price. It is not necessary that there should be fraud, or such gross inadequacy of price as to be evidence of fraud." Because of these authorities, and especially because of the decision of Judge Dillon above quoted, and for the reason that the one hundred and nineteen shares of stock sold for ten dollars per share, when the testimony shows that it was in fact worth twenty-five dollars per share, I recommend that an order be entered that the sale of the stock be set aside, and that another sale of it be ordered. It will be observed that this is a case where the rights of a third party, who has in good faith paid his money, do not intervene, the stock having been bid off by the creditor who held it as collateral security. There being opposition to this, I certify the same to your honor for determination.

M. R. Keith, Register in Bankruptcy.

J. M. Henderson, for assignee and exceptors.

Charles E. Pennewell, for creditors.

WELKER, District Judge. I have examined with care the foregoing opinion of M. R. Keith, register, and considered the arguments and authorities submitted by counsel in this case, and fully concur in the opinion as above given, and direct that an order be entered setting aside the sale in accordance with the recommendation of the register, and ordering another sale to be made.

[NOTE. For other proceedings in relation to the same bankrupt estate, see Cases Nos. 1,703, 1,704.]